IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Tissue Extraction Devices, LLC | Civil Action No. 08 C 140 |
| Plaintiff, | |
| v. | Judge: Zagel |
| Suros Surgical Systems, Inc., and Hologic Inc. | |
| Defendants. | Jury Trial Demanded |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES

1. This is an action for patent infringement pursuant to 35 U.S.C. §§ 1 *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

4. Plaintiff, Tissue Extraction Devices, LLC, (hereinafter referred to as "TED") is an Indiana limited liability company having an address of 5142 E. 65th Street, Indianapolis, Indiana 46220.

5. On information and belief, Defendant Suros Surgical Systems, Inc. (hereinafter "Suros") is incorporated in Delaware and has its principal place of business at 6100 Technology Center Drive, Indianapolis, Indiana 46278.

6. On information and belief, Defendant Hologic Inc. (hereinafter "Hologic") is incorporated in Delaware and has its principal place of business at 35 Crosby Drive, Bedford, Massachusetts 01730.

7. On information and belief, Suros is a wholly owned subsidiary of Hologic.

1

8. On January 8, 2008, United States Patent No. 7,316,726 (hereinafter "the '726 Patent") entitled Evaporation Valve duly and legally issued to TED. A copy of the '726 Patent is attached hereto as Exhibit A.

9. Suros and/or Hologic sell the ATEC® line of breast biopsy systems, including the ATEC® Pearl, ATEC® Sapphire, and ATEC® Emerald. A representative picture of an ATEC® product is shown in the Suros literature attached as Exhibit B.

10. Suros and/or Hologic have offered for sale and have sold the ATEC® breast biopsy system in this District.

11. Jeffrey R. Schwindt (hereinafter "Schwindt"), the sole inventor on the '726 Patent, developed all or nearly all of the pneumatic circuit that operates the ATEC® breast biopsy system.

12. During his development of the ATEC® breast biopsy system pneumatic circuit, Schwindt filed several patent applications covering technology incorporated in the ATEC® breast biopsy system. The first of those patent applications to issue is the '726 Patent.

13. Schwindt also manufactured and serviced the pneumatic circuit that was sold under the ATEC® name.

14. On information and belief, all of the above-mentioned ATEC® breast biopsy systems infringe the '726 Patent, including the ATEC® Pearl, ATEC® Sapphire, and ATEC® Emerald ("the Infringing Products").

15. Defendants, through their sales of the Infringing Products and other conduct, are directly infringing, inducing others to infringe, and contributing to infringement of the '726 Patent in violation of 35 U.S.C. § 271.

16.     As a result of previous discussions with Schwindt, Defendants have had actual knowledge of the publication of the application that resulted in the '726 Patent and despite such knowledge, have indicated an intent to continue to engage in acts of infringement of the '726 Patent.

17.     The Defendants' infringing activities have damaged and continue to damage TED, the assignee of the '726 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TED prays for relief against Defendants Suros and Hologic:

A.      That the '726 Patent be adjudged infringed by the Defendants and that infringement be held willful;

B.      That TED be awarded compensatory damages for past, present, and future infringement of the '726 Patent by Defendants in an amount no less than a reasonable royalty, in a sum to be determined at trial, and that said damages be trebled in view of the willful and deliberate nature of the infringement;

C.      That Defendants, and any officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Suros and/or Hologic be preliminarily and permanently enjoined from further infringement of the '726 Patent;

D.      That Defendants be ordered to deliver to TED all infringing products and systems in their possession;

E.      That this case be declared an exceptional case under 35 U.S.C. § 285 as to Suros and Hologic and that TED be awarded attorneys fees incurred in this action;

F.      That TED be awarded costs of this action, any applicable interest on the award, and other charges to the maximum extent permitted; and

G.      For such further relief that the Court deems just and proper under the circumstances.

**Plaintiff demands a jury trial** on all issues so triable.

Respectfully submitted,

/s/ Christopher E. Haigh

Date: January 9, 2008

Christopher E. Haigh
IPADVISORS, INC.
2038 N. Clark, #105
Chicago, Illinois 60614
(312) 242-1685
(312) 277-9002 Facsimile

/s/ Geoffrey A. Baker
Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

Attorneys for Plaintiff Tissue Extraction Devices, LLC