**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TISSUE EXTRACTION DEVICES, LLC.<br><br>                      Plaintiff,<br><br>          v.<br><br>SUROS SURGICAL SYSTEMS, INC.,<br>and<br>HOLOGIC, INC.<br>                      Defendants. | Civil Action No. 08-C-140<br>Judge: Hon. James B. Zagel<br><br><br><br>DEMAND FOR JURY TRIAL |

**DEFENDANTS AND COUNTERCLAIM PLAINTIFFS**
**HOLOGIC, INC.'S AND SUROS SURGICAL SYSTEMS, INC.'S**
**ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIMS**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure, Hologic, Inc.

("Hologic") and Suros Surgical Systems, Inc. ("Suros") provide the following answer and

counterclaims in response to the first Amended Complaint of Tissue Extraction Devices, LLC

("TED").

**1.**   "This is an action for patent infringement pursuant to 35 U.S.C. §§ 1 *et seq.*"

**RESPONSE:** Paragraph 1 of the Amended Complaint sets forth conclusions of law to

which no response is required.  To the extent a response is deemed to be required, Hologic and

Suros admit that the Amended Complaint purports to assert a claim of patent infringement, but

deny having engaged in any act of infringement.

**2.**   "This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332,

1338(a)."

**RESPONSE:**  Paragraph 2 of the Amended Complaint sets forth conclusions of law to which no response is required.

**3.**  "Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b)."

**RESPONSE:**  Suros and Hologic admit that venue is not improper in this District, but affirmatively state that the interests and convenience of the parties would be better served by transferring this case to the Southern District of Indiana.

**4.**  "Plaintiff, Tissue Extraction Devices, LLC (hereinafter referred to as "TED") is an Indiana limited liability company having an address of 5142 E. 65th Street, Indianapolis, Indiana 46220."

**RESPONSE:**  Hologic and Suros admit, upon information and belief, the allegations set forth in paragraph 4 of the Amended Complaint.

**5.**  "On information and belief, Defendant Suros Surgical Systems, Inc. (hereinafter "Suros") is incorporated in Delaware and has its principal place of business at 6100 Technology Center Drives, Indianapolis, Indiana 46278."

**RESPONSE:**  Hologic and Suros admit the allegations set forth in paragraph 5 of the Amended Complaint.

**6.**  "On information and belief, Defendant Hologic Inc. (hereinafter "Hologic") is incorporated in Delaware and has its principal place of business at 35 Crosby Drive, Bedford, Massachusetts 01730."

**RESPONSE:**  Hologic and Suros admit the allegations set forth in paragraph 6 of the Amended Complaint.

**7.**  "On information and belief, Suros is a wholly owned subsidiary of Hologic."

**RESPONSE:** Hologic and Suros admit the allegations set forth in paragraph 7 of the Amended Complaint.

8.   "On January 8, 2008, United States Patent No. 7,316,726 (hereinafter "the '726 Patent") entitled Evaporation Valve duly and legally issued to TED.  A copy of the '726 patent is attached hereto as Exhibit A."

**RESPONSE:**  Hologic and Suros admit that United States Patent No. 7,316,726 ("the '726 patent") issued on January 8, 2008 and identifies TED as the assignee on its face.  Hologic and Suros deny that the '726 patent was duly and legally issued to TED.

9.   "Suros and/or Hologic sell the ATEC® line of breast biopsy systems, including the ATEC® Pearl, ATEC® Sapphire, and ATEC® Emerald.  A representative picture of an ATEC® product is shown in the Suros literature attached as Exhibit B."

**RESPONSE:**  Hologic and Suros admit that Hologic sells breast biopsy devices with the ATEC® name, including the ATEC® Pearl, ATEC® Sapphire, and ATEC® Emerald, and that Exhibit B to the Amended Complaint depicts an ATEC® device, but deny the remaining allegations set forth in paragraph 9 of the Amended Complaint.

10. "Suros and/or Hologic have offered for sale and have sold the ATEC® breast biopsy system in this District."

**RESPONSE**:  Hologic and Suros admit that they have offered for sale and sold the ATEC® in this District.

11. "Jeffrey R. Schwindt (hereinafter "Schwindt"), the sole inventor on the '726 Patent, developed all or nearly all of the pneumatic circuit that operates the ATEC® breast biopsy system."

**RESPONSE**: Hologic and Suros deny the allegations set forth in paragraph 11 of the Amended Complaint.

**12.** "During his development of the ATEC® breast biopsy system pneumatic circuit, Schwindt filed several patent applications covering technology incorporated in the ATEC® breast biopsy system.  The first of those patent applications to issue is the '726 Patent."

**RESPONSE**:  Hologic and Suros deny the allegations set forth in paragraph 12 of the Amended Complaint.

**13.** "Schwindt also manufactured and serviced the pneumatic circuit that was sold under ATEC® name."

**RESPONSE**:  Hologic and Suros admit that Mr. Schwindt and/or the company that Mr. Schwindt worked for, Air Systems Engineering, Inc. ("ASE"), helped to build and service a pneumatic circuit used in certain ATEC® products based on specifications provided by Joseph Mark and/or Michael Miller, but deny the remaining allegations set forth in paragraph 13 of the Amended Complaint.

**14.** "On information and belief, all of the above-mentioned ATEC® breast biopsy systems infringe the '726 Patent, including the ATEC® Pearl, ATEC® Sapphire, and ATEC® Emerald ("the Infringing Products")."

**RESPONSE**:  Hologic and Suros deny the allegations set forth in paragraph 14 of the Amended Complaint.

**15.** "Defendants, through their sales of the Infringing Products and other conduct, are directly infringing, inducing others to infringe, and contributing to infringement of the '726 Patent in violation of 35 U.S.C. § 271."

**RESPONSE**:  Hologic and Suros deny the allegations set forth in paragraph 15 of the Amended Complaint.

**16.** "As a result of previous discussions with Schwindt, Defendants have had actual knowledge of the publication of the application that resulted in the '726 Patent and despite such knowledge, have indicated an intent to continue to engage in acts of infringement of the '726 Patent."

**RESPONSE**:  Hologic and Suros admit that they had knowledge of the application that ultimately issued as the '726 patent, but deny the remaining allegations in paragraph 16 of the Amended Complaint.

**17.** "The Defendants' infringing activities have damaged and continue to damage TED, the assignee of the '726 Patent."

**RESPONSE**:  Hologic and Suros deny the allegations set forth in paragraph 17 of the Amended Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

As affirmative defenses, Suros and Hologic state as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Amended Complaint fails to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

TED is not entitled to any relief against Hologic or Suros because Hologic and Suros are not infringing and have not infringed (directly, contributorily, or through inducement) any valid claim of the '726 patent.

## THIRD AFFIRMATIVE DEFENSE

The '726 patent is invalid for failure to comply with the conditions of patentability specified by 35 U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

The '726 patent is unenforceable due to the inequitable conduct committed by Mr. Schwindt, the sole named inventor on the face of the '726 patent, and others acting on his behalf during the prosecution before the United States Patent and Trademark Office ("USPTO") of the applications that led to the issuance of the '726 patent. Mr. Schwindt and his representatives made material misrepresentations to the USPTO and omitted material information from the USPTO with the intent to deceive.

### a.  Mr. Schwindt Made Material Misrepresentations During Prosecution of the Applications that Led to the Issuance of the '726 Patent.

Mr. Schwindt and others involved with the preparation, filing and/or prosecution of the applications that led to the issuance of the '726 patent made material misrepresentations to the USPTO with the intent to deceive. By way of example, Mr. Schwindt and his representatives falsely represented to the USPTO that Mr. Schwindt was the sole inventor of the subject matter claimed in the '726 patent. In fact, members of Suros, including Messrs. Mark and Miller, conceived of subject matter claimed in the '726 patent and should have been named as inventors on the '726 patent. Indeed, Mr. Schwindt's involvement with the technology described in the '726 patent began when Messrs. Mark and Miller contacted ASE, the company Mr. Schwindt worked for, to build a pneumatic circuit for use in a breast biopsy device that they had already conceived and designed. Mr. Schwindt never disclosed this relationship with Messrs. Mark and

Miller to the USPTO. Instead, he claimed that he alone conceived all of the subject matter claimed in the '726 patent.

The representations made by Mr. Schwindt and others acting on his behalf regarding the inventorship of the '726 patent were material. If the Patent Examiner knew that Mr. Schwindt was not the sole inventor of the claimed subject matter, the claims of the '726 patent would not have issued solely to Mr. Schwindt. Moreover, Mr. Schwindt and his representatives stated that Mr. Schwindt was the sole inventor in part to overcome an inventorship rejection made during prosecution by the Examiner pursuant to 35 U.S.C. § 102(f). The Examiner and the USPTO relied on Mr. Schwindt's representation that he alone conceived of the subject matter claimed in the '726 patent in subsequently allowing the claims to issue solely to Mr. Schwindt.

Circumstances show that Mr. Schwindt and others involved with the preparation, filing, and/or prosecution of the applications that led to the issuance of the '726 patent, by making these material misrepresentations, intended to deceive and mislead the USPTO. Mr. Schwindt knew that Mr. Mark and Mr. Miller conceived subject matter claimed in the '726 patent. Indeed, in another patent application filed by Mr. Schwindt with the USPTO relating to similar subject matter (App. 10/936,395), Mr. Schwindt listed Mr. Mark and Mr. Miller (among others) as co-inventors. Mr. Schwindt's intentional, material misrepresentations resulted in the '726 patent issuing when it otherwise would not have issued.

### b.  Mr. Schwindt Withheld Material Information from the USPTO During Prosecution of the Applications that Led to the Issuance of the '726 Patent.

The '726 patent is also unenforceable due to inequitable conduct because Mr. Schwindt and his representatives omitted material information from the USPTO with the intent to deceive. In particular, Mr. Schwindt did not disclose that embodiments of the ATEC® -- the product that Mr. Schwindt now claims infringes the claims of the '726 patent -- were on sale and in public

use before the priority date of the application that led to the issuance of the '726 patent. During prosecution of the '726 patent, Mr. Schwindt claimed the benefit of an April 2002 filing date. Prior to this date, however, the ATEC® device had been sold and in public use. The prior sale and public use of the ATEC® were material to the patentability of the claims pending before the USPTO and would have been relevant to the Examiner. By omitting this material information, Mr. Schwindt and others involved with the preparation, filing and/or prosecution of the applications that led to the issuance of the '726 patent intended to deceive and mislead the USPTO. Through his interactions with Messrs. Mark and Miller, Mr. Schwindt knew of and was personally involved with the prior sale and use of the ATEC®. Still, he did not disclose this information to the USPTO.

### FIFTH AFFIRMATIVE DEFENSE

Hologic and Suros have not willfully infringed and are not willfully infringing the '726 patent.

### SIXTH AFFIRMATIVE DEFENSE

Hologic and Suros intend to assert and rely on any affirmative defenses that become apparent during the course of this proceeding and expressly reserve the right to amend this answer to assert any and all such affirmative defenses.

### COUNTERCLAIMS

Counterclaim plaintiffs Hologic and Suros allege as follows:

### PARTIES AND JURISDICTION

1.      Hologic is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 35 Crosby Street, Bedford, Massachusetts 01730.

2.      Suros is a corporation organized and existing under the laws of the State of

Delaware and has a principal place of business at 6100 Technology Center Drive, Indianapolis,

Indiana  46278.

3.      On information and belief, TED is an Indiana limited liability company having an

address of 5142 E. 65th Street, Indianapolis, Indiana 46220.

4.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331,

1338, and 2201.

### FACTS

5.      TED has sued Hologic and Suros, claiming that TED is the owner of the '726

patent.

6.      The accusations by TED give rise to a case of actual controversy within the

jurisdiction of this Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '726 PATENT

7.      Hologic and Suros repeat and reallege the allegations set forth in paragraphs 1

through 6 of the Counterclaim, above, as if fully set forth herein.

8.      Hologic and Suros have not infringed, and are not infringing (directly,

contributorily, or by inducement) any valid claim of the '726 patent.

9.      Hologic and Suros are entitled to a declaratory judgment that they have not

infringed, and are not infringing any valid claim of the '726 patent.

### COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF THE '726 PATENT

10.     Hologic and Suros repeat and reallege the allegations set forth in paragraphs 1

through 9 of the Counterclaim, above, as if fully set forth herein.

11.     The '726 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

12.     Hologic and Suros are entitled to a declaratory judgment that the '726 patent is invalid.

## COUNT III – DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '726 PATENT

13.     Hologic and Suros repeat and reallege the allegations set forth in paragraphs 1 through 12 of the Counterclaim, above, as if fully set forth herein.

14.     The '726 patent is unenforceable due to the inequitable conduct committed by Mr. Schwindt, the sole named inventor on the face of the '726 patent, and others acting on his behalf during the prosecution before the United States Patent and Trademark Office ("USPTO") of the applications that led to the issuance of the '726 patent.

15.     Mr. Schwindt and others involved with the preparation, filing and/or prosecution of the applications that led to the issuance of the '726 patent made material misrepresentations to the USPTO with the intent to deceive.  By way of example, Mr. Schwindt and his representatives falsely represented to the USPTO that Mr. Schwindt was the sole inventor of the subject matter claimed in the '726 patent.  In fact, members of Suros, including Messrs. Mark and Miller, conceived of subject matter claimed in the '726 patent and should have been named as inventors on the '726 patent.  Indeed, Mr. Schwindt's involvement with the technology described in the '726 patent began when Messrs. Mark and Miller contacted ASE, the company Mr. Schwindt worked for, to build a pneumatic circuit for use in a breast biopsy device that they had already conceived and designed.  Mr. Schwindt never disclosed this relationship with Messrs. Mark and

Miller to the USPTO.  Instead, he claimed that he alone conceived all of the subject matter claimed in the '726 patent.

16.    The representations made by Mr. Schwindt and others acting on his behalf regarding the inventorship of the '726 patent were material.  If the Patent Examiner knew that Mr. Schwindt was not the sole inventor of the claimed subject matter, the claims of the '726 patent would not have issued solely to Mr. Schwindt.  Moreover, Mr. Schwindt and his representatives stated that Mr. Schwindt was the sole inventor in part to overcome an inventorship rejection made during prosecution by the Examiner pursuant to 35 U.S.C. § 102(f). The Examiner and the USPTO relied on Mr. Schwindt's representation that he alone conceived of the subject matter claimed in the '726 patent in subsequently allowing the claims to issue solely to Mr. Schwindt.

17.    Circumstances show that Mr. Schwindt and others involved with the preparation, filing, and/or prosecution of the applications that led to the issuance of the '726 patent, by making these material misrepresentations, intended to deceive and mislead the USPTO.  Mr. Schwindt knew that Mr. Mark and Mr. Miller conceived subject matter claimed in the '726 patent.  Indeed, in another patent application filed by Mr. Schwindt with the USPTO relating to similar subject matter (App. 10/936,395), Mr. Schwindt listed Mr. Mark and Mr. Miller (among others) as co-inventors.  Mr. Schwindt's intentional, material misrepresentations resulted in the '726 patent issuing when it otherwise would not have issued.

18.    The '726 patent is also unenforceable due to inequitable conduct because Mr. Schwindt and his representatives omitted material information from the USPTO with the intent to deceive.  In particular, Mr. Schwindt did not disclose that embodiments of the ATEC® -- the product that Mr. Schwindt now claims infringes the claims of the '726 patent -- were on sale and

in public use before the priority date of the application that led to the issuance of the '726 patent. During prosecution of the '726 patent, Mr. Schwindt claimed the benefit of an April 2002 filing date. Prior to this date, however, the ATEC® device had been sold and in public use.

19.    The prior sale and public use of the ATEC® were material to the patentability of the claims pending before the USPTO and would have been relevant to the Examiner.

20.    By omitting this material information, Mr. Schwindt and others involved with the preparation, filing and/or prosecution of the applications that led to the issuance of the '726 patent intended to deceive and mislead the USPTO. Through his interactions with Messrs. Mark and Miller, Mr. Schwindt knew of and was personally involved with the prior sale and use of the ATEC®. Still, he did not disclose this information to the USPTO.

21.    Hologic and Suros are entitled to a declaratory judgment that the '726 patent is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Hologic and Suros respectfully request entry of judgment in their favor and against TED as follows:

    a. Dismissing TED's Amended Complaint in its entirety, with prejudice;

    b. Declaring that Hologic and Suros have not infringed, and are not infringing, any valid claim of the '726 patent;

    c. Declaring that the claims of the '726 patent are invalid;

    d. Declaring that the claims of the '726 patent are unenforceable;

    e. Awarding to Hologic and Suros their costs, expenses, and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

    f. Granting Hologic and Suros such other and further relief as this Court may deem just and proper in the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Defendants and Counterclaim Plaintiffs Hologic, Inc.

and Suros Surgical Systems, Inc. demand a trial by jury on all issues so triable.

Dated: March 24, 2008.

Respectfully submitted,

**SUROS SURGICAL SYSTEMS, INC.** and
**HOLOGIC, INC.** *Defendants/Counterclaim Plaintiffs*

By: ___*/s/ Jennifer Yule DePriest*_____

Marshall Seeder (Bar No. 03127674)
Jennifer Yule DePriest (Bar No. 6272137)
Reed Smith LLP
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
(jdepriest@reedsmith.com)

Of Counsel:

Lisa J. Pirozzolo
Jordan L. Hirsch
WILMER CUTLER PICKERING HALE AND DORR LLC
60 State Street
Boston, MA 02109
(617) 526-6000

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I electronically filed **DEFENDANTS AND COUNTERCLAIM PLAINTIFFS HOLOGIC, INC.'S AND SUROS SURGICAL SYSTEMS, INC.'S ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIMS** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Christopher E. Haigh                        Geoffrey A. Baker
IPADVISORS, INC.                            DOWELL BAKER, P.C.
2038 North Clark, No. 105                   229 Randolph Street
Chicago, IL 60614                           Oak Park, IL 60302


                              By:   _/s/ Jennifer Yule DePriest_____
                                    Marshall Seeder (Bar No. 3127674)
                                    Jennifer Yule DePriest (Bar No. 6272137)
                                    *Counsel for Defendants*
                                    REED SMITH LLP
                                    10 South Wacker Drive, Suite 4000
                                    Chicago, IL 60606
                                    (312) 207-1000
                                    (312) 207-6400 – Fax
                                    jdepriest@reedsmith.com

CHILIB-2168851.1-999906-00810