IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tissue Extraction Devices, LLC<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Suros Surgical Systems, Inc., and Hologic Inc.<br><br>　　　　　　　Defendants. | Civil Action No. 08 C 140<br><br>Judge: Zagel<br><br>Jury Trial Demanded |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Tissue Extraction Devices, LLC ("TED") Answers Defendants' Counterclaims as follows.

1.　Hologic is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 35 Crosby Street, Bedford, Massachusetts

　Answer:　Admitted as asserted by Defendant.

2.　Suros is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 6100 Technology Center Drive, Indianapolis, Indiana 46278.

　Answer:　Admitted as asserted by Defendant.

3.　On information and belief, TED is an Indiana limited liability company having an address of 5142 E. 65th Street, Indianapolis, Indiana 46220.

　Answer:　Admitted.

1

4.	This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

Answer:	Admitted.

5.	TED has sued Hologic and Suros, claiming that TED is the owner of the '726 patent.

Answer:	Admitted.

6.	The accusations by TED give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

Answer:	Admitted.

7.	Hologic and Suros repeat and reallege the allegations set forth in paragraphs 1 through 6 of the Counterclaim, above, as if fully set forth herein.

Answer:	TED repeats and alleges its answers set forth in paragraphs 1 through 6 above.

8.	Hologic and Suros have not infringed, and are not infringing (directly, contributorily, or by inducement) any valid claim of the '726 patent.

Answer:	Denied.

9.	Hologic and Suros are entitled to a declaratory judgment that they have not infringed, and are not infringing any valid claim of the '726 patent.

Answer:	Denied.

10.	Hologic and Suros repeat and reallege the allegations set forth in paragraphs 1 through 9 of the Counterclaim, above, as if fully set forth herein.

Answer:   TED repeats and alleges its answers set forth in paragraphs 1 through 9 above.

11. The '726 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. § 101 et seq., including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

Answer:   Denied.

12. Hologic and Suros are entitled to a declaratory judgment that the '726 patent is invalid.

Answer:   Denied.

13. Hologic and Suros repeat and reallege the allegations set forth in paragraphs 1 through 12 of the Counterclaim, above, as if fully set forth herein.

Answer:   TED repeats and alleges its answers set forth in paragraphs 1 through 12 above.

14. The '726 patent is unenforceable due to the inequitable conduct committed by Mr. Schwindt, the sole named inventor on the face of the '726 patent, and others acting on his behalf during the prosecution before the United States Patent and Trademark Office ("USPTO") of the applications that led to the issuance of the '726 patent.

Answer:   Denied.

15. Mr. Schwindt and others involved with the preparation, filing and/or prosecution of the applications that led to the issuance of the '726 patent made material misrepresentations to the USPTO with the intent to deceive. By way of example, Mr. Schwindt and his representatives falsely represented to the USPTO that Mr. Schwindt was

3

the sole inventor of the subject matter claimed in the '726 patent. In fact, members of Suros, including Messrs. Mark and Miller, conceived of subject matter claimed in the '726 patent and should have been named as inventors on the '726 patent. Indeed, Mr. Schwindt's involvement with the technology described in the '726 patent began when Messrs. Mark and Miller contacted ASE, the company Mr. Schwindt worked for, to build a pneumatic circuit for use in a breast biopsy device that they had already conceived and designed. Mr. Schwindt never disclosed this relationship with Messrs. Mark and Miller to the USPTO. Instead, he claimed that he alone conceived all of the subject matter claimed in the '726 patent.

<u>Answer:</u>   Admitted that Messrs. Mark, Miller, and Schwindt communicated regarding breast biopsy technology; otherwise the remaining portions of this paragraph are denied.

16.   The representations made by Mr. Schwindt and others acting on his behalf regarding the inventorship of the '726 patent were material. If the Patent Examiner knew that Mr. Schwindt was not the sole inventor of the claimed subject matter, the claims of the '726 patent would not have issued solely to Mr. Schwindt. Moreover, Mr. Schwindt and his representatives stated that Mr. Schwindt was the sole inventor in part to overcome an inventorship rejection made during prosecution by the Examiner pursuant to 35 U.S.C. § 102(f). The Examiner and the USPTO relied on Mr. Schwindt's representation that he alone conceived of the subject matter claimed in the '726 patent in subsequently allowing the claims to issue solely to Mr. Schwindt.

Answer: To the extent that this paragraph asserts Mr. Schwindt is the sole inventor of the '726 patent and that the USPTO understands Mr. Schwindt to be the sole inventor, admitted. The remaining allegations in this paragraph are denied.

17. Circumstances show that Mr. Schwindt and others involved with the preparation, filing, and/or prosecution of the applications that led to the issuance of the '726 patent, by making these material misrepresentations, intended to deceive and mislead the USPTO. Mr. Schwindt knew that Mr. Mark and Mr. Miller conceived subject matter claimed in the '726 patent. Indeed, in another patent application filed by Mr. Schwindt with the USPTO relating to similar subject matter (App. 10/936,395), Mr. Schwindt listed Mr. Mark and Mr. Miller (among others) as co-inventors. Mr. Schwindt's intentional, material misrepresentations resulted in the '726 patent issuing when it otherwise would not have issued.

Answer: Admitted that Mr. Schwindt filed App. No. 10/936,395 naming Messrs. Schwindt, Mark, and Miller (among others) as coinventors in order to clarify his ownership of a *distinct* set of patentable claims. The remaining allegations in this paragraph are denied.

18. The '726 patent is also unenforceable due to inequitable conduct because Mr. Schwindt and his representatives omitted material information from the USPTO with the intent to deceive. In particular, Mr. Schwindt did not disclose that embodiments of the ATEC® -- the product that Mr. Schwindt now claims infringes the claims of the '726 patent -- were on sale and in public use before the priority date of the application that led to the issuance of the '726 patent. During prosecution of the '726 patent, Mr. Schwindt claimed the benefit of an April 2002 filing date. Prior to this date, however, the ATEC® device had been sold and in public use.

Answer: Admitted that the '726 patent claims the benefit of an April 2002 filing date. The remaining allegations of this paragraph are denied.

19. The prior sale and public use of the ATEC® were material to the patentability of the claims pending before the USPTO and would have been relevant to the Examiner.

Answer: Denied.

20. By omitting this material information, Mr. Schwindt and others involved with the preparation, filing and/or prosecution of the applications that led to the issuance of the '726 patent intended to deceive and mislead the USPTO. Through his interactions with Messrs. Mark and Miller, Mr. Schwindt knew of and was personally involved with the prior sale and use of the ATEC®. Still, he did not disclose this information to the USPTO.

Answer: Denied.

21. Hologic and Suros are entitled to a declaratory judgment that the '726 patent is unenforceable.

Answer: Denied.

                                                         Respectfully submitted,

Date: <u>April 11, 2008</u>        <u>/s/ Christopher E. Haigh</u>
                                                        Christopher E. Haigh
                                                          IPADVISORS, INC.
                                                          2038 N. Clark, #105
                                                          Chicago, Illinois  60614
                                                          (312) 242-1685
                                                          (312) 277-9002  Facsimile

                                                          <u>/s/ Geoffrey A. Baker</u>
                                                          Geoffrey A. Baker
                                                          Illinois Bar No. 6236658
                                                          DOWELL BAKER, P.C.
                                                          229 Randolph Street
                                                          Oak Park, IL 60302
                                                          (708) 660-1413
                                                          (312) 873-4466 (facsimile)

                                                         Attorneys for Plaintiff Tissue Extraction Devices, LLC

CERTIFICATE OF SERVICE

 The undersigned certifies that on April 11, 2008 the PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS was filed via the Court's ECF system, which in turn served the following counsel for Defendant:

M. Marshall Seeder (mseeder@sachnoff.com)
Jennifer Yule DePriest (jdepriest@reedsmith.com)
REED SMITH LLP
10 S. Wacker Drive, Ste. 4000
Chicago, IL 60606

Jordan Hirsch (jordan.hirsch@wilmerhale.com)
Lisa J. Pirozzolo (lisa.pirozzolo@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109