UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TISSUE EXTRACTION DEVICES, LLC.<br><br>Plaintiff,<br><br>v.<br><br>SUROS SURGICAL SYSTEMS, INC.,<br>and<br>HOLOGIC, INC.<br>Defendants. | Civil Action No. 08-C-140<br>Judge: Hon. James B. Zagel |

**DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO TRANSFER**

## I.  INTRODUCTION

Plaintiff Tissue Extraction Device's ("TED") opposition to Defendants' Motion to Transfer confirms that Indiana, not Illinois, is the most appropriate forum in which to resolve this patent infringement case. Most notably, TED does not dispute that: two of the three parties to this case are based in Indiana; the patent-in-suit covers an alleged invention conceived in Indiana; the products accused of infringement were developed in Indiana; and the bulk of the potential fact witnesses and relevant evidence resides in Indiana. Indeed, TED's Opposition names *twelve additional* third-party witnesses, all of whom reside in Indiana where the Defendants seek to have this action transferred.

As is set forth more fully below, this action's alleged connection to Illinois—a shipment of documents from TED's Indiana headquarters to its counsel's office in Chicago, Defendants' appearance at two trade shows in Illinois, and the possible future joinder of Illinois hospitals or breast centers that use the accused products—are neither relevant to the transfer analysis, nor sufficient to outweigh the far more substantial ties to Indiana described in Defendants' opening

brief. *See, e.g., First Horizon Pharm. Corp. v. Breckenridge Pharm, Inc.*, No. 04-C-2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004) (noting that the transfer inquiry in a patent infringement case focuses on where the design decisions are made, not where accused products happen to be sold; transferring case from Illinois to Florida notwithstanding that accused products were later distributed in Illinois).

Because the bulk of the parties, witnesses, and proof that will drive the resolution of this dispute are located in Indiana, this action is most appropriately resolved there, not Illinois.[1]

## II.   ARGUMENT

### A.   TED's Choice Of Forum Is Not Entitled To Deference Because Illinois Is Not TED's Home Forum.

TED's claim that, as a plaintiff, its choice of forum is entitled to "substantial deference," is incorrect. Where, as here, a plaintiff brings suit in a forum *other than its home forum*, its selection is *not* entitled to significant consideration. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (plaintiff's choice of forum in forum non conveniens context is due less deference where the plaintiff is a nonresident); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832-33 (N.D. Ill. 1999) ("[W]here the plaintiff's chosen forum is not the plaintiff's home forum or lacks significant contact with the litigation, the plaintiff's chosen forum is entitled to less deference."). Indeed, in *Mitchell v. First Northern Credit Union*, the primary case relied on by TED in its Opposition (Opp. at 6, 7, 8, and 9), this Court ordered a transfer from this district to Arizona, where the plaintiff resided at the time he filed suit. *See Mitchell v. First N. Credit Union*, No.

---

[1] TED devotes a substantial portion of its Opposition and Mr. Schwindt's declaration to argument and rhetoric about the underlying merits of its claims against the Defendants. While the Defendants dispute the accuracy of TED's contentions, they do not address each of them in connection with this motion, which focuses on *where* this dispute should be resolved. Even assuming that TED's account of the merits is accurate, however, that discussion only reinforces that the proper forum in which this case should be litigated is the Southern District of Indiana. *See infra* §§ C-E.

07-C-1891, 2007 WL 2948374, at *3 (N.D. Ill., Oct. 4, 2007) (transferring case where the plaintiff "is not an Illinois citizen, nor does he allege to have ever been a citizen of Illinois").

### B. TED's Vague Suggestion That It "Expects" To Add An Unnamed Illinois Hospital As A Defendant Is Irrelevant To The Transfer Analysis.

TED's new (and vague) suggestion that it *"expects"*—at some undisclosed, future time—to add an un-named Illinois hospital or breast center as a defendant is insufficient to overcome Defendants' motion. (Opp. at 7.) As this Court has held, the analysis on a transfer motion focuses on actual facts—not hypothetical ones. *See Int'l Molding Machine Co. v. St. Louis Conveyor Co.*, No. 01-C-8305, 2002 WL 1838130, at *7 (N.D. Ill. Aug. 12, 2002) ("In connection with motions to transfer, however, courts should only consider undisputed facts … speculation as to the location of evidence and witnesses is unhelpful."). Accordingly, a plaintiff cannot defeat a motion to transfer by simply speculating that it may add parties with ties to its desired jurisdiction. *See Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 829 (N.D. Ill. 1990) (plaintiff's contention concerning location of individuals it "may" involve in the litigation is not sufficient to overcome motion to transfer).

TED's threat to add these hospitals or breast centers as parties is particularly unconvincing in light of its timing. According to TED's Opposition, the hospitals and breast centers it may add received the accused products five years ago in 2003. (Opp. at Ex. A34.) If TED had any intention of adding these entities, it could have (and should have) included them when it filed its original Complaint, or later when it filed its Amended Complaint. At the very least, TED should have added these entities as defendants in response Defendants' motion to

transfer. Its failure to do so at each of these points in time speaks volumes about their relevance to this action and any legitimate intention TED ever had of including them in this case.[2]

### C. TED Has Not Rebutted (And Cannot Rebut) The Evidence Demonstrating That This Dispute Is Centered In Indiana.

1. *TED's Opposition Confirms that the Alleged Inventions and Accused Products Were All Conceived, Designed, and Developed in Indiana.*

TED's focus on a handful of end users whom it *"expects"* to add to this action misses the point and ignores what courts have construed as the "situs of material events" in patent infringement actions. (Opp. at 9.) Specifically, the relevant inquiry in a transfer analysis is not where the accused products may have been ***sold or displayed***, but where they were ***conceived, designed and developed***. *See First Horizon*, 2004 WL 1921059, at *3 (situs of material events is where defendant made decisions regarding manufacture of accused products); *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983) (situs of material events is where development, research and production of accused devices occurred). This Court has expressly held that ***even if the accused devices are sold in Illinois***, transfer is appropriate where development of the products occurred elsewhere. *See First Horizon*, 2004 WL 1921059, at *3 (situs of material events is Florida and Maryland, where accused infringer made product decisions, notwithstanding that accused products were later sold in Illinois). TED's opposition fails to address any of these cases, or the proposition for which they stand.

There is no dispute that the conception, design and development of the accused ATEC devices (and the alleged development of TED's claimed invention) occurred entirely and exclusively in Indiana. (Defendants' Opening Brief, Ex. D at ¶¶ 3-5 (explaining that Suros

---

[2] Even if TED did add these parties, transfer would still be appropriate. The hospitals and clinics TED references are only end users of the accused ATEC devices. This Court has held that a plaintiff cannot avoid a motion to transfer by adding parties that are only tangentially involved in the alleged wrongdoing. *See Hess v. Gray*, 85 F.R.D. 15, 22-23 (N.D. Ill. 1979) (plaintiff cannot defeat motion to transfer by adding parties "peripherally involved in the conduct forming the basis of the suit").

conceived, designed, and developed the ATEC in Indiana).) Nowhere in TED's Opposition (or in the hundreds of pages of declarations and exhibits supporting it) does TED cite a *single* decision or event concerning the development of TED's alleged invention or Defendants' accused ATEC product that occurred outside of Indiana. If anything, TED's Opposition further confirms that each and every step of development by Jeffrey Schwindt or Suros took place in Indiana, not in Illinois. (Opp. at Ex. A, ¶ 13 (alleging Mr. Schwindt met with Suros co-founder Joe Mark in Franklin, Indiana); Opp. at Ex. A, ¶ 45 and Ex. A24, p. 4 (alleging that Mr. Schwindt worked with Indiana-based Rose Hulman Ventures); Opp. at Ex. A ¶ 53 (alleging that Mr. Schwindt hired Models, Inc., a company located in Lebanon, Indiana, to help with his work).) These concessions further tip the scales in favor of transfer to Indiana.

    2.    *TED's Opposition Further Demonstrates that the Key Potential Third Party Witnesses are Located in Indiana, Not Illinois.*

Far from showing that the existence of potential third-party witnesses weighs against transfer, TED's Opposition provides additional evidence—beyond what was included in Defendants' motion —that virtually *every third party witness* relevant to this action is located in Indiana. Between its Opposition and accompanying exhibits, TED identifies *twelve people or entities that are located in Indiana* and that allegedly have information relevant to this suit. (*See* Opp. at Exs. A-D (declarations of Indiana residents Jeffrey Schwindt, John Hancock, Richard M. Wollard Sr., and Jeffrey W. Stark); Opp. at Ex. A, ¶ 2 (identifying Indiana-based Air Systems Engineering); Opp. at Ex. A, ¶ 10 (identifying Indiana-based Karl Fancher and C.M. Buck and Associates)[3]; Opp. at Ex. A, ¶ 13 (identifying Indiana-based Promex, Inc.); Opp. at Ex.

---

[3]    *See also* Ex. G, attached hereto (C.M. Buck and Associates webpage (Mr. Fancher and C.M. Buck and Associates are located in Indiana)). (Exhibits A through F are attached to Defendants' Opening Brief.)

A, ¶ 32 (identifying Indiana-based Dr. Tim Goedde)[4]; Opp. at Ex. A, ¶ 45 and Ex. A24, p. 4 (identifying Indiana-based Rose Hulman Ventures); Opp. at Ex. A, ¶ 53 (identifying Indiana-based Models, Inc.); Opp. at Ex. A, ¶ 54 (identifying Indiana-based JWS Machine)[5].)

Thus, the facts set forth in TED's Opposition Papers demonstrate that Indiana is the more convenient forum for the known third-party witnesses. *See Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 903 (N.D. Ill. 2001) (transferring action to Texas where almost all of the relevant third party witnesses are located in Texas); 15 Wright, Miller & Cooper, *Federal Prac. & Proc.: Jurisprudence 3d* § 3851 at 199 (2007) ("most important factor on a motion to transfer" is "the convenience of witnesses").

### D. TED's Shipment Of Documents To Illinois Is Not A Relevant Factor.

TED's contention that Illinois is a proper forum because Mr. Schwindt—the president of Indiana-based TED and the alleged inventor— "shipped all of the documents of relevance in this matter to the Northern District of Illinois"[6] is not consistent with the Court's caselaw. (Opp. at Ex. A, ¶ 91.) Such an argument is tantamount to a claim that a plaintiff can file a lawsuit in any jurisdiction where it retains counsel and mails relevant evidence. This very argument has already been rejected by this Court. *See Hemstreet v. Caere Corp.*, No. 90-C-377, 1990 WL 77920, at *5 (N.D. Ill. June 6, 1990) ("the convenience to plaintiff's counsel is not a proper consideration in this analysis"); *Bankers Life & Cas. Co. v. Case*, No. 05-C-6532, 2005 WL 3542523, at *3 (N.D. Ill. Dec. 23, 2005) ("The fact that the lawyers in this matter are all located in Chicago, Illinois does not dictate keeping this matter in the Northern District of Illinois"). The result should be no different here.

---

[4]　*See also* Defendants' Opening Br. at Ex. D, ¶ 9 (Dr. Goedde resides in Indiana).
[5]　*See also* Ex. H, attached hereto (JWS Machine webpage (JWS Machine is located in Indiana)).
[6]　Notably, Mr. Schwindt does not indicate whether he made this shipment before or after Defendants' motion to transfer was filed.

E.  **Cases Proceed To Trial Faster In Indiana.**

Finally, the statistics on which TED relies to argue that transfer is not in the interests of justice disprove that very claim. The Federal Court Management Statistics referred to by TED show that cases go to trial ***almost half a year faster in Indiana*** than in this district. (Ex. I, attached hereto (2007 Federal Court Management Statistics) (average time from filing to trial in the Northern District of Illinois is 29.7 months versus 24 months in Southern District of Indiana).) Even according to the *Mitchell* case on which TED primarily relies, transfer is therefore proper. *See Mitchell*, 2007 WL 2948374, at *4 (interests of justice weigh in favor of transfer where case will proceed to *trial* faster in alternative forum). Moreover, the larger consideration in the "interests of justice analysis"—i.e., the connection between each forum and the dispute—also weighs heavily in favor of a transfer. None of the parties to this suit are located in Illinois, almost every known third party witness resides in Indiana, and no development work—concerning either the ATEC or TED's alleged invention—occurred in Illinois. Instead, the parties, witnesses, evidence, and accused products relevant to this case are centered in Indiana. *See Somfy, SAS v. Rollease, Inc.*, No. 04-C-2695, 2004 WL 4963446, at *1, 4 (N.D. Ill., July 30, 2004) (interests of justice weigh favor of transfer to district where defendant has principal place of business).

## III. CONCLUSION

For the reasons stated herein and in their previously filed memorandum, Defendants request that the Court transfer this case to the Southern District of Indiana.

>Respectfully submitted,
>
>HOLOGIC, INC. and SUROS SURGICAL SYSTEMS, INC.
>
>By their attorneys:
>
>_____/s/ Jennifer Yule DePriest_____
>Marshall Seeder (Bar No. 03127674)
>Jennifer Yule DePriest (Bar No. 6272137)
>ReedSmith LLP
>10 South Wacker Drive, Suite 4000
>Chicago, IL 60606
>Tel: (312) 207-1000
>Fax: (312) 207-6400
>jdepriest@reedsmith.com
>
>Lisa J. Pirozzolo (admitted pro hac vice)
>Jordan L. Hirsch (admitted pro hac vice)
>Wilmer Cutler Pickering Hale & Dorr, LLP
>60 State Street
>Boston, Massachusetts 02109
>(617) 526 – 6000 Phone
>(617) 526 – 5000 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008 a copy of the foregoing **Defendants' Reply in Support of Motion to Transfer** was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ Jennifer Yule DePriest
Jennifer Yule DePriest

CHILIB-2174914.1-jydeprie-325511-00001