# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT'
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TISSUE EXTRACTION DEVICES, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 08 C 140 |
| v. | ) | |
| | ) | The Honorable James B. Zagel, |
| SUROS SURGICAL SYSTEMS, INC. and | ) | Judge Presiding |
| HOLOGIC, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS'
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER

Defendants and Counterclaim Plaintiffs Suros Surgical Systems, Inc. ("Suros") and Hologic,

Inc. ("Hologic") respectfully submit this supplemental memorandum to explain why Plaintiff Tissue

Extraction Devices' ("TED's") May 9, 2008 Motion for Leave to file a Second Amended Complaint

should not preclude the Court from granting Defendants' motion to transfer this patent infringement

action to the Southern District of Indiana.[1]

## I.    INTRODUCTION

In a transparent attempt to avoid having this action transferred to the Southern

District of Indiana, TED last week filed a motion for leave to amend its complaint to add as a

defendant (and include infringement allegations against) West Suburban Surgical Associates

("WSS"), which allegedly purchased a single accused product four years before the patent-in-

suit issued. *See* Dkt. No. 28 (TED's Motion for Leave to Amend the Amended Complaint,

filed May 9, 2008).  TED's eleventh-hour attempt to manufacture *some* tie to this district

should be seen for what it is – a last-ditch litigation maneuver designed to defeat a case ripe

for transfer.  TED's proposal to add WSS as a party does not (and cannot) alter the

---

[1] A briefing schedule has not yet been set for TED's Motion to Amend.  Suros and Hologic would expect
to file an opposition to TED's motion in accordance with any briefing schedule established by the Court.

undisputed facts showing that Indiana is the appropriate venue for the determination of the issues at the heart of this case because: (1) two of the three parties to this case are based in Indiana; (2) the patent-in-suit covers an alleged invention conceived in Indiana; (3) the products accused of infringement were developed in Indiana; and (4) the bulk of the potential fact witnesses and relevant evidence resides in Indiana. TED's late-filed motion to amend should not prevent the Court from transferring this action to the Southern District of Indiana for the following reasons

*First,* TED's Motion to Amend is futile because TED exhausted its patent rights against WSS when it admittedly provided WSS the "very ATEC breast biopsy device" that it now accuses of infringement. *See* Dkt. 28-2 at ¶¶ 12, 17, 18 (TED's Proposed Second Amended Complaint).

*Second*, TED's late-filed Motion to Amend does not alter the transfer analysis, which focuses on the current state of the litigation (not future hypothetical events). In this case, the parties and the proof are indisputably centered in Indiana.

*Third*, transferring TED's case against Defendants Suros and Hologic to Indiana will not prejudice TED in its pursuit of an infringement action against WSS.

II.    **ARGUMENT**

A.    **The Motion to Amend Has No Impact Because TED Exhausted Its Patent Rights By Providing WSS With The "Very ATEC Console" It Now Accuses of Infringement**

1.    *TED's Claim Against WSS Is Barred By The Doctrine of Patent Exhaustion*

As will be more fully explained in defendants' response to plaintiff's Motion to Amend, TED exhausted its patent rights with respect to the ATEC console when it manufactured and provided that console to WSS in September 2003. As a result, TED's motion for leave to file a second amended complaint should be denied as futile. *See King ex rel. King v. East St. Louis School Dist.*, 496 F.3d 812, 819 (7th Cir. 2007) (affirming denial of plaintiff's motion for leave to amend complaint where district court held that amended complaint would have been futile); *see also Caterpillar Inc. v. Estate of Lacefield-Cole*, 520 F. Supp. 2d 989, 995 (N.D. Ill. 2007) (denying motion to amend as futile).

Under the doctrine of patent exhaustion, a party's sale of an article embodying its patent claims exhausts that party's patent rights in that article. *See Bloomer v. McQuewan*, 55 U.S. 539, 549-50 (1852); *see also Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) ("The law is settled that an authorized sale of a patented product places that product beyond the reach of the patent. The patent owner's rights with respect to the product end with its sale, and a purchaser of such a product may use or resell the product free of the patent." (internal citations omitted)). This doctrine recognizes that "the purpose of the patent law is fulfilled with respect to any particular article when the patentee has received his reward for the use of his invention by the sale of the article, and that once that purpose is realized the patent law affords no basis for

restraining the use and enjoyment of the thing sold." *See United States v. Univis Lens Co.*, 316 U.S. 241, 251 (1942).

Accordingly, following the authorized sale of a product embodying its patent, a party may not later "control the use or disposition" of that product by, for example, suing for patent infringement or demanding a license. *See Univis Lens*, 316 U.S. at 250 (1942) (citing *Bloomer*, 55 U.S. 539 (1852)); *see also Excelstor Tech., Inc. v. Papst Licensing GMBH & Co. KG,* 2007 U.S. District. LEXIS 79350, at *12 (N.D. Ill. 2007) (recognizing that the patent exhaustion doctrine prohibits "a party from suing for patent infringement to protect its proprietary rights since [that] party is deemed to have already received full compensation for ownership in such rights").

Here, TED's proposed Second Amended Complaints alleges that Mr. Schwindt -- the president of Plaintiff TED -- "manufactured the very ATEC breast biopsy device that WSS is presently operating" and that WSS "purchased" that very device in 2003. *See* Dkt. 28-2 at ¶¶ 12, 17, 18 (TED's Proposed Second Amended Complaint). A document attached to TED's Motion to Amend further indicates that Mr. Schwindt's company shipped that ATEC biopsy device to WSS. Dkt. 28-5 (Console Release Form). The proposed Complaint goes on to allege that the console provided to WSS "infringe[s]" – and thus embodies – "the '726 Patent." *Id.*; *see also* Dkt. 22-2, Ex. A at ¶¶ 73, 81-82 ("[Mr. Schwindt's] company built the nine consoles that were shipped to the Northern District of Illinois . . . The nine consoles . . . fall within the scope of [the '726 Patent].").

TED's proposed infringement claim against WSS cannot be reconciled with the patent exhaustion doctrine. Having manufactured and supplied WSS with the very product it claims embodies the '726 Patent, TED cannot now "control the further sale and

- 4 -

use" of that product by charging WSS with infringement based on its use of that very

same device *Excelstor Tech.*, 2007 U.S. District. LEXIS 79350, at *11-12.[2]  Thus,

TED's proposed amendment to add WSS as a defendant in this patent infringement case

is futile, should be denied, and should have no impact on the pending transfer motion.

>    2.    *TED's Motion To Amend Is Prejudicial*

The Court should also deny TED's Motion to Amend, and transfer this action to

the Southern District of Indiana because the timing of its motion – filed less than a week

before the Court is scheduled to rule on the Defendants' Motion to Transfer and over four

months after TED filed its complaint -- is prejudicial to the Defendants.   As the proposed

Second Amended Complaint makes clear, TED was in possession of the documents on

which it bases its infringement allegation against WSS for ***over four years***.  *See* Dkt. Nos.

28-5 (Console Release Form, attached to TED's Motion for Leave to Amend, showing

TED's president shipped the accused system to WSS in September 2003).  Nevertheless,

TED chose not to include WSS when it filed its original complaint, or when it filed its

amended complaint, or even when it served its opposition to Defendants' Motion to

Transfer.  Instead, TED waited, without any apparent justification, to notice its motion to

add WSS for the very day (May 16, 2008) on which the Court is scheduled to rule on

Defendants' Motion to Transfer.  This type of gamesmanship is prejudicial to the

Defendants.

---

[2]      Further, by knowingly providing WSS a product it claims embodies the '726 Patent, Mr.
Schwindt – the president of TED and the '726 Patent inventor – granted WSS an implied license to use
the article for its intended purpose without further authorization from the patent owner. *See United States
v. Univis Lens Co.*, 316 U.S. 241, 251 (1942).

**B.      TED's Eleventh Hour Motion To Amend Does Not Alter The
Transfer Analysis Which Focuses On The Current State Of The
Litigation And The Location Of The Bulk Of Witnesses And Evidence.**

TED's request to include WSS as a defendant at some point in the future should

have no bearing on the determination of whether transfer to the Southern District of

Indiana is appropriate.  As explained in Defendants' Reply Brief (Dkt. 26 at 3), the

transfer analysis hinges on the ***current state*** of the litigation, not events that ***may*** occur in

the future.  *See Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 738

(N.D. Ill. 2007) (decision on motion to transfer cannot be based on outcome of

unresolved future motion).  The parties relevant to the transfer determination are those

that are ***actually named*** at the time the motion to transfer is filed, not entities that ***may*** be

joined later.  *See Kinney v. Anchorlock Corp.*, 736 F. Supp. 818, 829 (N.D. Ill. 1990) (the

location of individuals that "may" become involved in the litigation is irrelevant to

transfer analysis).  There is no dispute that the bulk of the ***current parties*** to this suit,

including TED and Defendant Suros, are located in Indiana and none are located in

Illinois.  *See* Dkt. 15 at 2-3 (Defendants' Motion to Transfer).

Moreover, even if WSS were added as a party to this lawsuit, transfer would still

be appropriate.  As explained in Defendants' Opening Brief (Dkt. 15 at 7-10), the transfer

determination depends on the location of the parties, the potential witnesses, and the

design, development and manufacture of the accused products.  *See S.C. Johnson & Son,
Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983) (transfer appropriate where

development, research, and production of accused products occurred in another

jurisdiction).  The location of the ***sale*** of a ***single*** accused product is not relevant.  *See
First Horizon Pham. Corp. v. Breckenridge Pharm., Inc.*, 2004 WL 1921059, at *3 (N.D.

- 6 -

Ill. July 21, 2004) (transferring case to Florida and Maryland, where accused infringer

made product design decisions, even though products were sold in Illinois).

The parties agree that the potential witnesses in this case—including Plaintiff

TED, Defendant Suros, the named inventor on the asserted patent, the individuals who

designed the accused products and even the potential fact witnesses identified by TED—

are located in Indiana. *See* Dkt. 15 at 10-11 (Defendants Motion to Transfer); Dkt. 22,

Exs. A-D (TED Opp. to Transfer.), Dkt. 26 at 4-6 (Defendants Reply). Similarly, the

parties agree that the alleged invention was conceived in Indiana, and that the accused

ATEC products were conceived, developed and manufactured exclusively in Indiana.

*See* Dkt. 26 at 4-5 (Defendants' Reply); Dkt. 22 at Ex. A, ¶¶ 13, 45, 53 (TED Opp.; Decl.

of Jeffrey Schwindt). Transfer of TED's claims against Suros and Hologic to Indiana is

therefore appropriate regardless of the location of a company like WSS, who purchased a

*single* accused product. *See First Horizon*, 2004 WL 1921059, at *3 (sale of products in

Illinois insufficient to stop transfer of case to location where accused infringer made

product design decisions).[3]

     **C.**     **The Court Should Transfer TED's Claims Against**
                **Primary Defendants Suros And Hologic To The**
                **Southern District Of Indiana Regardless Of How It**
                **Proceeds With Regard To TED's Proposed Action Against WSS**

TED's desire to proceed against WSS in this district should not prevent the Court

from transferring TED's claims against the "primary parties" -- Defendants Suros and

Hologic -- to Indiana. The transfer would not preclude TED from proceeding with a

separate action against WSS in Illinois, even if the action against Defendants Suros and

---

[3]     Although TED alleges that transfer is not appropriate because WSS is allegedly not subject to jurisdiction in Indiana, Indiana courts have acknowledged that a *single instance* of doing business in Indiana can be sufficient to establish jurisdiction. *See North America Van Lines, Inc. v. A. Colonial Moving & Storage Co., Inc.*, 291 F. Supp. 2d 799, 803-04 (N.D. Ind. 2003) (single contact by nonresident is sufficient to establish jurisdiction in Indiana); s*ee also* Ind. Tr. Pr. R. 4.4(A).

Hologic is transferred to Indiana. Alternatively, this Court has discretion to sever TED's claim against WSS from its claim against Defendants Suros and Hologic and stay the WSS action until the claims against Suros and Hologic are resolved. *See Hess v. Gray*, 85 F.R.D. 15, 22 (N.D. Ill. 1979) (transferring claims between primary parties and severing claims against peripheral party).

The primary parties to a patent infringement suit are the alleged patent owner and the manufacturer of the allegedly infringing devices—in this case TED and Suros/Hologic. *See Burroughs Corp. v. Newark Electronics Corp.*, 317 F. Supp. 191, 193 (N.D. Ill. 1970) (primary parties are the plaintiff and the "manufacturer of the charged devices"). Subsequent purchasers of the accused products, such as WSS, are considered "peripheral" parties. *See id*. Where, as here, transfer is appropriate as between the primary parties, a plaintiff cannot avoid transfer by relying on a peripheral party that happens to be located in plaintiff's desired district. Instead, the claims between the primary parties should be transferred and the claims against the peripheral party should be severed and stayed. *See Hess*, 85 F.R.D. at 22 (transferring claims between primary parties and severing claims against peripheral party); *Burroughs*, 317 F. Supp. at 192 (same).

Such an approach ensures that the court with the closest ties to the primary parties resolves the claims between those entities. In this case, for instance, transferring TED's claims against Suros and Hologic would allow Indiana to exercise jurisdiction over claims involving Indiana parties (TED and Suros), products that were designed and developed in Indiana (the ATEC), an alleged invention conceived in Indiana (the '726 Patent), and Indiana-based witnesses and evidence. *See Bryant v. ITT Corp.*, 48 F. Supp.

- 8 -

2d 829, 835 (N.D. Ill. 1999) (interests of justice compel transfer to jurisdiction in which relevant events occurred); *see also* Dkt. No. 26 at 7.

In addition, staying TED's complaint against WSS ensures that TED can pursue its claim against WSS, while at the same time conserving judicial resources and the resources of the parties. Courts have acknowledged that this is an appropriate approach where the asserted patent and accused product are the same in both lawsuits. *See Rockwell Techs., LLC v. Corning, Inc.*, No. 00-C-7199, 2002 WL 570639, at *1 (N.D. Ill. Apr. 16, 2002) (staying infringement claims against purchaser of accused device and allowing claims against manufacturer of same accused device to proceed in alternate forum because "it would be a waste of judicial resources (and the resources of the litigants as well) if what is essentially a customer case were to proceed [in one district] when a more advanced case against the manufacturer … and involving the same issues, were proceeding [in a different district]"); *Whelen Techs., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715, 715 (N.D. Ill. 1990) (holding that a stay of claims against purchaser of accused devices is warranted "where [claims against manufacturer] would resolve all charges against the customers in the stayed suit").

For example, if the Indiana court determines that the accused ATEC device does not infringe the '726 Patent or that TED's patent claims are invalid or unenforceable, TED's claim against WSS would be moot. *See Tap Pharm. Prods., Inc. v. Atrix Labs, Inc.*, No. 03-C-7822, 2004 WL 422697, at *2 (N.D. Ill. March 3, 2004) (staying case where resolution of claims in alternate forum "may limit or narrow the remaining issues"). Alternatively, even if TED prevails in Indiana, it may obtain any relief to which it is entitled in that action and thereby eliminate the need to proceed with separate claims against WSS in this district. *See Glenayre Electronics, Inc.*

*v. Jackson*, 443 F.3d 851, 858-59 (Fed. Cir. 2006) (patentee can seek from manufacturer of accused device damages resulting from use by purchasers of device); *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, No. 00-C-0905, 2001 WL 32852, at *2 (N.D. Ill. Jan. 12, 2001) (staying case where resolution of claims in another forum could "dispose of this case entirely").

## III.    CONCLUSION

For the foregoing reasons, Suros and Hologic respectfully request that this action be transferred to the Southern District of Indiana.

Respectfully submitted,

HOLOGIC, INC. and SUROS SURGICAL
SYSTEMS, INC.


By:    _____*/s/ Jennifer Yule DePriest*_____
Marshall Seeder (Bar No. 03127674)
Jennifer Yule DePriest (Bar No. 6272137)
ReedSmith LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
Tel:  (312) 207-1000
Fax:  (312) 207-6400
jdepreist@reedsmith.com

Lisa J. Pirozzolo
Jordan L. Hirsch
Wilmer Cutler Pickering Hale & Dorr, LLP
60 State Street
Boston, Massachusetts 02109
(617) 526 – 6000 Phone
(617) 526 – 5000 Facsimile