UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TISSUE EXTRACTION DEVICES, LLC,

    Plaintiff,

      v.

SUROS SURGICAL SYSTEMS, INC. and
HOLOGIC, INC.,

    Defendants.

No. 08 C 140
Judge James B. Zagel

<u>MEMORANDUM OPINION AND ORDER</u>

This is a patent infringement case brought under the Patent Laws of Title 35 U.S.C. § 271 and involving a medical device used to remove breast tissue during breast biopsies. Before me is Defendants' motion to transfer venue to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). Based on my review of the relevant factors, Defendants' motion to transfer venue to the Southern District of Indiana is granted.

**I. Factual Background**

Plaintiff Tissue Extraction Devices ("TED") is an Indiana corporation with a principal place of business in Indianapolis, Indiana. TED is the assignee of United States Patent 7,316,726, which relates to a pneumatic circuit for use in the operation of medical devices. The named inventor of the '726 patent is TED president, Jeffrey Schwindt, an Indiana resident. Defendant Suros is an Indiana Corporation with its principal place of business in Indianapolis, Indiana. Suros designs, manufactures, and sells tissue removal technology, including the minimally invasive breast biopsy devices accused of infringement in this case. Suros has 150 employees in Indiana and has never had an office in Illinois. Defendant Hologic is a Delaware

Corporation with a principal place of business in Massachusetts. Hologic acquired Suros in 2006 and through that relationship operates a manufacturing facility in Indianapolis, Indiana. Hologic also has no offices in Illinois.

In January 2008, Plaintiff filed this action accusing Suros' Automatic Tissue and Collection ("ATEC") devices of infringing the claims of its '726 patent. Defendants deny allegations of infringement and also contend that the claims of the '726 patent are unenforceable because, among other reasons, TED's president, Jeffrey Schwindt, falsely represented to the United States Patent and Trademark Office that he is the sole inventor of the claimed subject matter. The parties dispute who first conceived the subject matter claimed in the '726 patent. Defendants claim that two of Suros' founders, Joseph Mark and Michael Miller, conceived of the claim while they were working at a company called Promex in Franklin, Indiana in the 1990s. TED claims that Schwindt designed and developed the breast biopsy control system (currently being marketed by Suros) when he worked for a different Indiana corporation, Air Systems Engineering.

Defendants have moved to transfer venue to the Southern District of Indiana, arguing that (1) two of the three parties reside in Indiana, while none reside in Illinois; (2) the events giving rise to the suit occurred in Indiana; and (3) the known witnesses and relevant evidence are primarily located in Indiana. Plaintiff opposes the motion.

## II.  Standard

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). Section 1404(a) places discretion with this court to adjudicate motions for

transfer according to "individualized, case-by-case consideration of convenience and fairness." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The relevant factors I consider are: the preference given to the plaintiff's choice of forum; convenience of the parties, counsel, and witnesses; the location of the record; and the interest of justice. 15 Charles A. Wright, Arthur R. Miller & E. Cooper, *Federal Practice and Procedure* § 3848-54 (2d. ed.1986). The language of § 1404(a) does not indicate the relative weight to assign each factor. *Coffey*, 796 F.2d at 220 n.3. The moving party (here, Defendants) has the burden of establishing that the "transferee forum is clearly more convenient." *Id.* at 219-20.

## III. Analysis

### A. Venue is Appropriate in both the Transferee and Transferor Districts

The threshold consideration in a Section 1404(a) motion is that there must be an "other district . . . where [the action] might have been brought." *See Van Dusen,* 376 U.S. at 616. In patent infringement cases, venue is proper in any judicial district: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). The residence of a corporate defendant in patent infringement actions is "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(a).

The parties do not dispute that venue is proper in both the Northern District of Illinois and the Southern District of Indiana for Defendants Suros and Hologic. However, TED argues that because it expects to modify the list of defendants to include certain clinics and hospitals located in the Northern District of Illinois, the transferee venue would not be proper for those potential

infringers who reside only in this district.  This is not persuasive.  I cannot consider TED's

hypothetical and speculative list of additional defendants.  *See Int'l Molding Machine Co. v. St.*

*Louis Conveyor Co.*, No. 01-8305, 2002 WL 1838130, at *7 (N.D. Ill. Aug. 12, 2002)

("speculation as to the location of evidence and witnesses is unhelpful" in the analysis of a

motion to transfer venue); *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 829 (N.D. Ill. 1990)

(declining to give significant weight to speculative argument).  Thus, venue is proper in this

district as well as the proposed transferee district.

> *B.  The Southern District of Indiana is a More Convenient Forum than the Northern*
> *District of Illinois*

The convenience component of § 1404(a) invites me to consider the following five

factors:  (1) the plaintiff's choice of forum; (2) conveniences for the parties; (3) conveniences for

witnesses; (4) location of material events; and (5) location and ease of access to sources of proof.

*Willis v. Hilton Hotels Corp.,* 2007 WL 611262, at *3 (N.D. Ill. Feb.22, 2007).

> 1.  Plaintiff's Choice of Forum

Although generally the plaintiff's choice of forum is entitled to substantial deference,

when the chosen forum is not the plaintiff's home forum or lacks significant contact with the

litigation, the plaintiff's choice is entitled to less deference.  *Bryant v. ITT Corp.*, 48 F. Supp. 2d

829, 832-33 (N.D. Ill. 1999) (internal citations omitted).  In this case, TED's chosen forum is

Illinois.  Illinois, however, is not TED's home forum.  TED's home forum is the Southern

District of Indiana, where it is incorporated and has its principal, and only, place of business.

Further, both the development of the accused devices and the disputed inventive work

surrounding the '726 patent occurred in the Southern District of Indiana.  Thus the situs of the

4

majority of the material events is Indiana, not Illinois.  And although Plaintiff's counsel is located in Illinois, convenience of Plaintiff's counsel is not an appropriate consideration in the transfer analysis.  *See Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, No. 06-3183, 2007 WL 1560212, at *5 n.3 (N.D. Ill. May 29, 2007) (internal quotation omitted). Accordingly, because the Northern District of Illinois is not Plaintiff's home forum, and because Plaintiff does not have meaningful contacts with the state of Illinois, I afford Plaintiff's choice of forum less deference.

2.  Convenience of the Parties

The convenience of parties militates heavily in favor of Defendants' motion to transfer to Indiana.  Plaintiff is an Indiana corporation with its principal place of business there.  Plaintiff's president and named inventor of the '726 patent is an Indiana resident.  Defendant Suros was founded in Indiana in 2000 and operates its only business out of that state.  Defendant Hologic, a Delaware corporation, has its principal place of business in Massachusetts but does business in Indiana through its relationship with Suros.  In short, it does not appear to be convenient for any of the parties to litigate this case in Illinois.  The only connection to this district, other than Plaintiff's counsel, is the use of Defendants' products by clinics and hospitals located here.  But, with the possible exception of damages calculations, this use is not relevant to Plaintiff's claim of infringement.  Because all parties would have to travel to Illinois and only Defendant Hologic would possibly have to travel to Indiana, this factor favors transfer to Indiana.

3.  Convenience of the Witnesses

The determination of the convenience of witnesses is often considered "the most important factor in the transfer balance." *Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998). Also, the convenience of non-party witnesses is substantially more important than the convenience of party witnesses because the latter are within the party's control. *Int'l Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002). Virtually every third party witness and entity with information relevant to this action is located in Indiana. All of the companies at which each of the individuals named in the briefs worked are located in Indiana. The engineers who developed ATEC reside in Indiana. The named inventor of the '726 patent has lived and worked in Indiana for over twenty years. Plaintiff argues that Defendants are obligated to specify key witnesses to be called, but its reliance on *Heller* for this point is misplaced. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989). First, in *Heller* the defendant waived its right to assert inconvenience as a reason to transfer because it signed a specific and valid forum selection clause. Second, the portion of *Heller* Plaintiff cites is excerpted from the court's consideration of the interests of justice, and not from the prong of the analysis that weighs the convenience of witnesses. Defendants need not provide a specific plan of the witnesses they plan to call at trial, but rather need only disclose the nature of the anticipated testimony and whether the witnesses can be compelled to testify. *First Horizon*, 2004 WL 1921059, at \*5. Virtually all of the possible individuals and entities with information related to this suit and mentioned by either

party are located in Indiana.[1]  Thus, the convenience of witnesses weighs in favor of transferring this case to Indiana.

### 4.  The Location of Material Events

For purposes of this motion, the location of material events is the location where Defendants' decisions and activities that gave rise to the claim took place.  *See First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04-2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004).  For claims of patent infringement, the situs of material events is the location where the defendant originally made its decision to launch the allegedly infringing product.  *Id.* From the evidence submitted by the parties, it appears that Indiana, and not Illinois, was the situs of the majority of the material events in this case.  The conception, design, and development of the accused ATEC devices occurred exclusively in Indiana.  The research and development of the patent-in-suit also took place in Indiana.  TED's proposition that a number of hospitals and clinics in Illinois used Defendants' product is irrelevant to the consideration of the location of material events.  Also, TED's argument that Defendants have repeatedly appeared in this district for trade shows and meetings is more relevant to the question of personal jurisdiction (not at issue here) than to the location of material events for purposes of a motion to transfer. Accordingly, this factor weighs heavily in favor of transfer to Indiana.

---

[1]Plaintiff fails to specifically identify even one non-party witness residing in Illinois. Schwindt's affidavit asserts that at least nine of Defendants' allegedly infringing products were shipped to hospitals and clinics located in this district, but Plaintiffs do not disclose the identity of any of these possible witnesses or the nature of their anticipated testimony.  Plaintiff made one unsupported reference to "decision-makers with whom TED has been negotiating" who "are all located outside of Indiana," but the relevance of this vague argument is unclear, and, in any event, it does not suggest that Illinois is a more convenient location.

5.   Location and Ease of Access to Sources of Proof

The relative ease of access to sources of proof in each forum dictate that I must rule in favor of transfer.  Evidence relating to Plaintiff's claims of infringement, including ATEC conception documents, design documents, market and sales documents, and product development documents are stored at Defendant Suros' headquarters in Indiana.  Evidence relating to the conception and subsequent prosecution of the '726 patent is also in Indiana, where it was developed.  Plaintiff argues that examples of Defendants' accused product exist in this district and therefore the issue of infringement can be determined by reviewing evidence already here.  This is not persuasive.  For one, examples of the accused product also exist in Indiana.  And two, the design and other accompanying documents are just as, if not more, important than the allegedly infringing product itself.  Plaintiff further argues that, because it shipped all of the relevant documents to its lawyer in this district, all of the evidence is already here.  This is equally unpersuasive.  A party cannot ship documents to another forum to avoid having the case heard in the forum in which they originally existed.  And, presumably copies, if not originals, still exist in Indiana.  Therefore, this factor weighs in favor of transfer to Indiana.

C.  *The Transfer to the Southern District of Indiana Best Serves the Interests of Justice*

Lastly, and most significantly, § 1404(a) requires that I consider the interests of justice in this motion to transfer venue. The interests of justice is a "somewhat amorphous term" consisting of several variables including: (1) the speed of the proceeding; (2) the court's familiarity with applicable law; (3) the conservation of judicial resources; and (4) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale.  *Hawksbill Sea Turtle v. FEMA,* 939 F.Supp. 1, 4 (D.D.C.1996); Heller, 883 F.2d at 1293; *Willis,* at *3 ( *citing*

8

*IFC Credit Corp. v. Eastcom, Inc.,* 2005 WL 43159, *2 (N.D.Ill. Jan.7, 2005)); *see also* 15 Charles A. Wright, Arthur R. Miller & E. Cooper, *supra,* § 3854. "Amorphous though it may be, the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction." *Hawksbill,* 939 F.Supp. at 4. The interests of justice include both the interest of the parties as well as the interests of society in general. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 303 (7th Cir. 1955) (*citing United States v. National City Lines, Inc.,* 7 F.R.D. 393, 397, 402 (S.D. Cal. 1947)).

1.  Congestion of Court Dockets and Likelihood of Speedy Trial

Plaintiff relies on the 2006 and 2007 Federal Court Management Statistics for the proposition that all parties will receive a speedier trial in the Northern District of Illinois than in the Southern District of Indiana. Greater importance is placed on a speedy resolution in patent infringement cases "where rights are time sensitive and delay can often erode the value of the patent monopoly." *Trouve Enterprises v. Newell Rubbermaid Inc.*, No. 07-0601, 2008 WL 628685, at *3 (W.D. Wis. Feb. 1, 2008) (internal quotation omitted). The Statistics for 2006 and 2007 show that the median time from filing to disposition in this district was 6.5 and 6.2 months, respectively, while in the Southern District of Indiana it was 10.9 and 9.9 months. However, those same statistics also show that cases go to trial faster in Indiana than in Illinois (26 and 24 months in Indiana for 2006 and 2007 versus 26.4 and 29.7 in Illinois). The approximately four-month difference in time from filing to disposition weighs slightly in Plaintiff's favor and against transfer. *See First Horizon*, 2004 WL 1921059, at *6 (eight-month difference weighed slightly in favor of quicker district). But, the difference in time between filing and trial weighs slightly in favor of Defendants and for transfer to Indiana. Overall, this factor is neutral.

9

2.  The Court's Familiarity with the Applicable Law

With regard to the court's familiarity with the applicable law surrounding this litigation, it appears that the Southern District of Indiana and the Northern District of Illinois have comparable knowledge regarding patent infringement.  Thus, this factor remains neutral.

3.  The Relationship of the Community to the Issue of Litigation

Plaintiff argues that at least nine clinics and hospitals in this district possess Defendants' allegedly infringing devices.  However, as of now, Plaintiff has not named any of those clinics or hospitals as parties to this action.  As such, Illinois has no particular interest in resolving this case.  Alternatively, Indiana has a significant interest in this litigation.  All of the events regarding the development of the accused product occurred in Indiana, all of the key witnesses reside in Indiana, and two of the three named parties are Indiana companies.  This factor weighs in favor of transfer to the Southern District of Indiana.

**IV.  Balancing**

Venue is proper in both the Northern District of Illinois and the Southern District of Indiana.  Both the convenience factors and the interests of justice weigh in favor of transferring this case to the Southern District of Indiana.  Plaintiff's choice of forum is entitled to less deference because Illinois is not its home forum and because Illinois is not the location of the material events giving rise to the litigation.  In the final analysis, I believe that the burden on Plaintiff would not be great if the case were transferred to the Southern District of Indiana.  In fact, given the situs of all the material events, the majority of the witnesses, and Plaintiff itself, Indiana seems a more convenient forum for all parties.  The parties will likely receive just as speedy a trial in Indiana as they would here, and the Southern District of Indiana has a more substantial connection to the issues of the litigation than does the Northern District of Illinois.

Accordingly, Defendants have carried their burden in proving that the Southern District of Indiana is "clearly more convenient."

**V. Conclusion**

For the foregoing reasons, Defendants' motion to transfer venue to the Southern District of Indiana is granted. This case is hereby transferred to the Southern District of Indiana.

ENTER:

James B. Zagel
United States District Judge

DATE: May 20, 2008

11